**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHILIP LIGHTFOOT,

    Petitioner,

v.                                                    Case No. 09-CV-14251

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION**
**FOR IMMEDIATE RELEASE FROM CUSTODY**

This matter is presently before the court on Petitioner's "Motion for Immediate Release from Custody." Petitioner has filed a habeas corpus petition pursuant to 28 U.S.C. §2254. Petitioner seeks immediate release from custody or release on bond pending disposition of his habeas corpus petition.

Petitioner's argument in favor of release on bond is based upon Federal Rule of Appellate Procedure 23(c) and his sentencing claims. Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must – unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. See *Sizemore v. District*

*Court,* 735 F.2d 204, 208 (6th Cir. 1984). By implication the court should not grant bail under other circumstances. This court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Petitioner has failed to demonstrate that he is being held beyond the expiration of his maximum sentences. Petitioner's sentencing claims are also insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond. Therefore, Petitioner has not shown any of the requirements for receiving bond which would warrant his release pending the review of this matter. His motion is denied.

Finally, Petitioner objects to Respondent being given six months in which to submit an answer to the pending habeas petition, claiming that such a time frame unfairly prolongs his detention. Rule 4, Rules Governing Section 2254 Cases, grants a district judge discretion to set a fixed time within which an answer to a habeas corpus

2

petition must be filed. The court has issued an "Order Requiring Responsive Pleading," directing Respondent file an answer to the petition by June 10, 2010. (12/3/09 Order.) The court endeavors to adjudicate all matters, including habeas corpus petitions, in as timely a manner as justice requires and the court's pending caseload allows. Once the answer and the relevant state court record have been filed, the court will address the merits of the petition as expeditiously as possible. Thus, the court notes Petitioner's objection but will not modify the "Order Requiring a Responsive Pleading."

Accordingly, IT IS ORDERED that Petitioner's "Motion for Immediate Release from Custody" [Dkt. # 6] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2010, by electronic and/or ordinary mail.

    S/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager