**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILIP LIGHTFOOT,

    Petitioner,

v.                                                      Case No. 09-14251

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE, DENYING ALL OTHER PENDING MOTIONS AS MOOT,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Michigan prisoner Philip Lightfoot has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his detainment by the Michigan Department of Corrections for the following convictions: (1) Wayne County conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; (2) Wayne County conviction for felony-firearm, Mich. Comp. Laws § 750.227(B)(A); (3) Wayne County conviction for possession of a short barreled firearm, Mich. Comp. Laws § 750.224(B); and (4) Gratiot County conviction for prisoner in possession of contraband, Mich. Comp. Laws § 800.2814. Petitioner was sentenced to consecutive terms of three to 10 years imprisonment, two years imprisonment, two to five years imprisonment, and 30 months to five years imprisonment, respectively. Petitioner does not challenge any of the convictions comprising his consecutive sentencing. Alternatively, in his pleadings, Petitioner raises claims concerning the calculation of his disciplinary credits in his original assault sentence and the subsequent application of his consecutive sentences.

This matter is before the court on Respondent's answer to Petitioner's habeas corpus claim. Respondent maintains Petitioner's claim must be dismissed for failure to fully exhaust state court remedies. For the reasons stated herein, the court concludes that Petitioner has not properly exhausted his state court remedies as to his habeas claim. The court will therefore dismiss without prejudice the petition for a writ of habeas corpus. Additionally, the court denies all other pending motions by Petitioner as moot. The court also declines to issue a certificate of appealability.

## I. BACKGROUND

Petitioner's detainment arises from his convictions for assault with intent to do great bodily harm less than murder, felony-firearm, and possession of a short barreled firearm. On December 19, 1991, Petitioner was sentenced in Wayne County Circuit Court, No. 91-7244, to three to 10 years imprisonment for assault with intent to do great bodily harm less than murder and two years imprisonment for felony-firearm. Petitioner was sentenced to serve these terms consecutively. On the same day, in Wayne County Circuit Court, No. 91-9453-02, Petitioner was sentenced to three to five years imprisonment for possession of a short barreled firearm, to be served consecutively to his assault and felony-firearm sentences. While serving his sentences, Petitioner was convicted for prisoner in possession of contraband in Gratiot County Circuit Court, No. 95-3078. Subsequently, on July 17, 1995, Petitioner was sentenced to 30 months to five years imprisonment, to be served consecutively to his assault, felony-firearm, and possession of a short barreled firearm sentences.

Beginning in 2008, Petitioner filed several grievances with the Michigan

Department of Corrections concerning the calculation of his disciplinary credits in his original assault sentence and the subsequent application of his consecutive sentences. The Department of Corrections denied Petitioner's grievances. Petitioner did not seek any remedy outside of filing administrative grievances with the Michigan Department of Corrections. Petitioner dated his federal habeas petition on October 26, 2009. He raises the same claim presented in his grievances concerning the calculation and duration of his sentence. Respondent filed an answer to Petitioner's habeas corpus claim on June 10, 2010. Petitioner has not filed a response to the answer.

## II. DISCUSSION

### A. Exhaustion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must first present each issue he seeks to raise on habeas review to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the

exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. The record reveals that he failed to present his habeas claim, contesting the duration of his detainment, to either the Michigan Court of Appeals or the Michigan Supreme Court. Rather, he raised the issue through grievances with the Michigan Department of Corrections. Petitioner's pursuance of an administrative remedy is insufficient to satisfy the exhaustion requirement. *See Prather v. Rees*, 822 F.2d 1418, 1420-21 (6th Cir. 1987) (holding that prior to filing a petition for federal habeas relief, a state prisoner is required to present the substance of his claims to the highest court in the state). Petitioner has thus failed to properly exhaust his habeas claim in state courts before seeking federal habeas relief.

Petitioner maintains that exhaustion of state court remedies would be futile, thereby relieving him of his responsibility to pursue relief in the state courts. As Petitioner correctly asserts, while the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, *see Prather*, 822 F.2d at 1422; *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

4

Petitioner's contention that exhaustion of state court remedies would be futile is meritless. To support his assertion, Petitioner mistakenly relies on *Wallace v. Cody*, 951 F.2d 1170, 1171 (10th Cir. 1991). In *Wallace*, Oklahoma enacted a statute which effectively terminated any state remedy for previously detained prisoners seeking a speedier release from custody. *Id*. Consequently, the court permitted a prisoner seeking speedier release to file a federal habeas claim without exhausting state remedies as the court found the remedies to be "futile." *Id.* The facts in *Wallace* and the case at hand are readily distinguishable as the record fails to establish that a Michigan statute bars Petitioner, who is challenging the calculation of his disciplinary credits, from a state remedy. Because Petitioner has not demonstrated that exhaustion of state court remedies would be "futile," Petitioner is not relieved of his responsibility to exhaust all remedies in the state courts.

Petitioner has available state court remedies which must be exhausted before proceeding in federal court. Petitioner could file a state habeas corpus action challenging loss of disciplinary credits. *See Hawkins v. Burt*, No. 08-10218, 2008 WL 2512926, at *1 (E.D.Mich. June 19, 2008). Additionally, Petitioner could file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issue in the Michigan appellate courts as necessary.

Petitioner has also not shown good cause for failing to exhaust his claim in the state courts, such as by filing a motion for relief for judgment, before proceeding in federal court on habeas review. His unexhausted claim may warrant further review. That claim should therefore be addressed to, and considered by, the state courts in the first instance. Federal law provides that a habeas petitioner is only entitled to relief if he

5

can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. *See* 28 U.S.C. § 2254(d). The state courts must first be given the opportunity to rule upon Petitioner's claim. Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

### B. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the court concludes that reasonable jurists could not debate whether the court was correct in its procedural ruling. Accordingly, the court declines a certificate of appealability.

### III. CONCLUSION

For the reasons stated, the court concludes that Petitioner has failed to fully exhaust state court remedies as to his habeas claim and that he has available remedies which must be exhausted in the state courts before seeking federal habeas relief.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.  The court makes no determination as to the substantive merits of his claims.

IT IS FURTHER ORDERED that all other pending motions [Dkt. ## 7, 8, 9, 11, 12, 13, 17, 19] are DENIED as moot.

The court DECLINES to issue a certificate of appealability.

                                          s/Robert H. Cleland  
                                          ROBERT H. CLELAND  
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2010, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner  
                                          Case Manager and Deputy Clerk  
                                          (313) 234-5522